June, 1821.

Minor 28|
126  43|

## John Rose *against* The State.

1. What properly belongs to the caption may be rejected as surplusage from the body of the Indictment.
2. If one count of the Indictment be quashed, the whole is vitiated.

THIS was an appeal from the judgment of the Circuit Court of *Dallas* County, against *Rose*, for keeping and exhibiting a Faro Bank. Among other matters, he assigned here as Errors—That neither the names nor number of the grand Jury appear in any part of the Indictment—That the Indictment purports to be found at a " Court of Sessions," when no such Court is known to the laws of the State— That it does not sufficiently specify the day or time when found, or shew the place where the Court was held, or charge the offence in the language and meaning of the law —That the 3d count being quashed, the whole is thereby vitiated—That the Indictment in 2d count charges two distinct offences.

*H. G. Perry,* for plaintiff in Error—cited Turner's Digest, 240. Constitution of the State. 11 Section of Declaration of Rights, as to the time and place in the Caption. 4 Comyn's Digest, 391, 393. 2 Bay's Rep. 451. 1 Chitty's Criminal Law, 147.

The Indictment charges keeping *and* exhibiting—The Statute prohibits keeping *or* exhibiting. Each of these acts is an offence. 3 Bac. Ab. 570. 1 Chy. Cr. L. 190. The Court cannot alter the finding of a Grand Jury. Striking out one count vitiates the whole Indictment. 1 Chy. Cr. L. 168, 202, 204. 4 Comyn's Dig. 400, 402. 3 Bac. 574. As to names and number of Grand Jury, Hawk. P. C. 254.

*Hitchcock,* Attorney General, for the State.—If any thing belonging to the Caption be found in the body of the Indictment, which is inconsistent with the caption, it is mere surplusage. What is the caption ? Chy. Cr. L. 267, 138, 136. The words " General Sessions"—Time when found—Character of the Judge—are all surplusage. The Court was a Court of general jurisdiction. It was not necessary to

state the authority of the Judge to hold it. The offence is charged in the language and meaning of the Statute.

The material parts of the Record are referred to in the

Opinion of the Court, delivered by the Chief Justice.

The Caption is no part of the Indictment. Whatever properly belongs to the Caption is unnecessary in the body of the Indictment. Whatever is *immaterial* to the Indictment, even if inconsistent with the Caption, is surplusage, which may be wholly disregarded or rejected. Then, so much as purports to belong to the Caption of this Indictment, whether it be the time when found by the Grand Jury, the character of the Judge who presided, the name of the Court, the place where, or authority by which, it was holden, the names and number of the Grand Jury, cannot be considered as part of the Indictment. Another part of the Record properly shews these matters, and they were all unnecessary in the body of the Indictment, and may be rejected. This does not violate the principle of Criminal law, which forbids intendment : nothing is here necessary to be intended. If the Indictment contained what is required by the Counsel for the plaintiff in Error, it would merely repeat what is already shewn in the Caption. The law requires clearness, precision, and conciseness ; not repetition. None of the assignments then, which have grown out of what has been called the Caption, can be sustained.

Another assignment is, that by quashing the third count the whole Indictment was vitiated. The Court below might have refused to quash, and compelled the defendant to plead or demur ; but the motion to quash was allowed, and prevailed. If a conviction be had on an Indictment containing good and bad counts, it is to be presumed to have been had on the good counts. So, in cases of misnomer, or on a *general demurrer*, where there are good and bad counts, the Court is bound to give judgment against the defendant on the good counts. But it is equally clear that no part of the finding of the Grand Jury can be stricken out, and that striking out or quashing one count vitiates the whole Indictment. The Indictment, from the finding of the Grand Jury, receives a character of inviolability—the smallest alteration, by addition or striking out, renders it a different finding. 1 Chy. Crim. Law, 168, 204. 4 Com. Dig. 402, 3 Bac. Ab. 574. For this Error the judgment must be reversed.

Judge *Lipscomb,* having presided in the Court below, gave no opinion.